UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:13-cr-625-T-33TGW

JOYCE HOBDY
_____/

### ORDER

This matter is before the Court pursuant to Defendant Joyce Hobdy's Construed, Sealed Motion to Reduce Sentence (Doc. # 35), which was filed on June 20, 2017. The Government filed a Response in Opposition to the Motion on July 6, 2017. (Doc. # 36). The Court denies the Motion for the reasons that follow.

I.  **Background**

On December 31, 2013, Defendant was charged via Information with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count 1), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count 2). (Doc. # 1). Defendant executed a Plea Agreement, which was filed on January 2, 2014. (Doc. # 3).

The factual basis section of the Plea Agreement explains the scheme as follows:

> During 2011 and 2012, Cordell Jones conspired with the defendant, JOYCE HOBDY, and several other individuals to defraud the Internal Revenue Service (IRS) by filing false and fraudulent income tax

> returns and thereby obtaining refunds to which they were not entitled. The defendant, JOYCE HOBDY, who worked at a financial institution, obtained customer names, dates of birth and social security numbers. She provided Jones with this information. Jones recruited other individuals to electronically file false tax returns using those stolen identities. All such returns reported inflated income, withholdings and refunds. Jones also recruited other family members to receive the income tax refunds which were electronically deposited into bank accounts they maintained in the Tampa Bay area. The family members would provide Jones or another co-conspirator with 50 percent of the refund amount and would keep the remainder. The electronically filed returns were submitted to and the electronically deposited refunds were sent from IRS officers outside the state of Florida. Jones promised HOBDY half the proceeds he received from this scheme for the customer information she provided.
> All told, the conspirators filed 526 fraudulent income tax returns claiming $5,036,954 in refunds. They opened approximately 150 bank accounts with at least 20 financial institutions to receive the fraudulently-obtained refunds. By means of this scheme they succeeded in causing the IRS to electronically deposit $1,469,435.52 into those accounts.

(Doc. # 3 at 15-16).

This Court accepted Defendant's guilty plea on February 5, 2014. (Doc. # 14). The Court sentenced Defendant on June 27, 2014, to serve 87 months imprisonment and to pay restitution in the amount of $1,469,435.52. (Doc. ## 27, 28). No appeal was filed.

On March 30, 2016, well after the Judgment became final, Defendant submitted a pro se letter to this Court regarding

"Consideration for Rule 35." (Doc. # 30). Therein, she requested that the Court reduce her sentence based on her cooperation, which led co-Defendant Cordell Jones to sign a plea agreement. The Government filed a Response in Opposition to that construed Motion for a sentence reduction on April 15, 2016, explaining that, at the time of Defendant Hobdy's sentencing, she already received credit for her cooperation. (Doc. # 32). The Government specified:

> Defendant correctly states that prior to her sentencing hearing she provided truthful and useful information to law enforcement agents and was expected to testify against Jones and possibly other individuals. . . . What defendant fails to realize, however, is that her very same assistance was already a basis for a Motion for Downward Departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines at her sentencing.

(Id. at 2). The Court denied Defendant's initial pro se Motion on April 16, 2016, because "the defendant has already received the benefit of her cooperation." (Doc. # 33).

Defendant has, once again, filed a pro se letter, which the Court construes as a Motion for reduction of her sentence. (Doc. # 35). She reiterates her concern that she did not get credit for her cooperation with respect to Cordell Jones. She also questions the Government's prosecutorial decision regarding Craig Calhoun. Finally, she argues that her restitution responsibility should be limited to the amount

3

that she received based on her participation in the conspiracy ($290,000) instead of the amount of the judgment, $1,469,435.52.

## II. Discussion

Consistent with the Court's prior Order, the Court reiterates that Defendant has already received the benefit of her cooperation. She is not entitled to a further sentence reduction based on her cooperation as to Cordell Jones. As detailed in the Government's response, the United States filed a motion recommending a four level reduction at the time of Defendant's sentencing, and the Court granted that Motion, even though Defendant had not yet fully completed her cooperation. "Rather than filing a motion pursuant to Rule 35 in the future, when Jones' case was completed, the Government 'fronted' Defendant credit at the time of her sentencing." (Doc. # 36 at 2).

The Court also denies Defendant's Motion to the extent she complains about Craig Calhoun. The Government explains that the complaint against Craig Calhoun was dismissed "in order to facilitate local authorities pursuing a prosecution on unrelated charges against Calhoun which led to a substantial sentence." (Id.). As to Defendant Hobdy's potential cooperation with regard to Craig Calhoun, the

Government further specifies that, even if it "had continued with its prosecution of Calhoun, the information Defendant provided to the Government against Calhoun was intertwined with her information regarding his roommate, Jones, and would likely not have garnered her any additional credit above the four level recommendation she received at sentencing." (Id. at 2-3).

Finally, the Court denies Defendant's request for a reduction in the amount of Ordered restitution. She may have only profited $290,000 from her participation in the conspiracy, but that amount does not set the limit of her financial responsibility in this case. The purpose of restitution is to make the victim whole, not merely to disgorge any proceeds that a defendant personally obtained. Defendant's actions directly led to the theft of more than $1,400,000 from the IRS. This loss was obviously foreseeable to Defendant and she was properly held to be jointly and severally liable with her other co-conspirators for that amount.

In closing, the Court takes this opportunity to explain to Defendant that she may, indeed, be presented with the opportunity to provide further assistance to the Government and to possibly receive a sentence reduction in the future.

Defendant's current misunderstanding regarding her prior cooperation with the Government and the effect it had on her sentence should not prevent her from taking full advantage of new opportunities to provide assistance in the future. As stated in the Government's response: "the Government recently did . . . approach [Defendant Hobdy] and presented her with another opportunity to possibly assist the Government and earn a further reduction of her sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. She appears to be unable or unwilling to provide that assistance." (Doc. # 36 at 3).

The Court highlights that there are very limited bases for the provision of a sentence reduction once a Defendant has been sentenced to a term of imprisonment. See 18 U.S.C. § 3582(b) (setting forth the exceptions to the finality of judgments). A Rule 35 Motion is one of those few mechanisms available to lessen the impact of a lengthy prison sentence. Rather than focusing on the manner in which the Government has chosen to prosecute others (Calhoun), or to question whether credit was properly attributed for prior cooperation (it was), the Court encourages Defendant to carefully consider whether she is now able to provide assistance to the Government for the possibility of a further, future sentence reduction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Joyce Hobdy's Construed, Sealed Motion to Reduce Sentence (Doc. # 35) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of July, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE